SO ORDERED: October 15, 2018.



_____
Jeffrey J. Graham
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 18-07762-JJG-11 |
| FAYETTE MEMORIAL HOSPITAL | ) | |
| ASSOCIATION, INC. d/b/a FAYETTE | ) | |
| REGIONAL HEALTH SYSTEMS, | ) | |
| 　　　Debtor. | ) | |
| | ) | |

**ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR AUTHORITY TO MAINTAIN EXISTING BANK ACCOUNTS AND TO CONTINUE USE OF EXISTING BUSINESS FORMS**

This case came before the court upon *Debtor's First Day Motion for Authority to Maintain Existing Bank Accounts and Continue Use of Existing Business Forms* (the "**Motion**") filed by Fayette Memorial Hospital Association, Inc. d/b/a Fayette Regional Health Systems ("**Fayette Regional**" or the "**Debtor**") seeking authorization to deviate from certain otherwise applicable requirements for maintenance of debtor in possession banking accounts and business forms.

The Court, having considered the Motion, having considered the matters raised at the hearing on the First Day Motions, and now being duly advised in the premises, hereby finds that adequate and

proper notice of the relief requested in the Motion has been given in accordance with S.D. Ind. L.R. B-9013-3 and the Motion should be granted on an interim basis as more specifically set forth below:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Debtor shall be, and hereby is, authorized to maintain its existing bank accounts (the "**Prepetition Bank Accounts**") with Comerica, First Financial Bank, and U.S. Bank (the "**Banks**"), and shall not be required to close the Prepetition Bank Accounts;

2. If it has not already done so, the Debtor shall immediately notify the Banks that it is a Debtor In Possession, thereby invoking the authorized depository provisions of the United States Trustee program and the Prepetition Bank Accounts shall be designated by the Banks as Debtor-in-Possession Accounts.

3. Subject to the requirements of any cash collateral usage authority and terms approved by this Court, the Debtor is hereby authorized to (i) designate, maintain and continue to use the Prepetition Bank Accounts at the Banks in the name and with the account number existing immediately prior to the commencement of its Chapter 11 case.

4. The Debtor may, in its discretion, deposit funds into and withdraw funds from the Prepetition Bank Accounts by all usual means including, without limitation, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, intercompany account transfers, and other debits.

5. The Banks are hereby authorized and directed to continue to maintain, service, and administer the Prepetition Bank Accounts.

6. Any requirement that the Debtor immediately obtain and utilize checks, business forms, or stationary bearing the designation "Debtor in Possession" or containing information regarding the Debtor's Chapter 11 case is hereby waived. The Debtor shall obtain a "Debtor in Possession" or "DIP" stamp to utilize on checks issued by the Debtor post-petition, or otherwise

include the words "Debtor in Possession" or "DIP" on checks and purchase orders issued on or after the Petition Date.

7. The Debtor did not request authority to maintain its existing bank account with Health Care Professional Federal Credit Union, and such account shall be closed within 30 days following entry of this Order.

8. The Debtor is further authorized to continue to use its pre-printed business forms bearing the name or logo of the Debtor, without being required to modify the forms to include the words "Debtor-in-Possession" or "DIP", including but not limited to, invoices, account statements, stationary, privacy notices, patient information forms, financial responsibility forms, informational brochures and flyers, etc.

9. The Banks are hereby authorized to continue to maintain, service, and administer the Prepetition Bank Accounts. The Banks shall not be subject to claim or liability if a prepetition check is inadvertently honored, and Debtor shall indemnify and hold harmless the Banks from such claim or liability. Nothing in this order shall require the Banks to continue to maintain Prepetition Bank Accounts of Debtor or to otherwise engage in business with the Debtor postpetition. Nothing in this order shall impair the setoff rights of the Banks against prepetition balances in any Prepetition Bank Accounts. Nothing in this order requires the Banks to honor any check or other instrument or item for which the applicable Bank is not holding good and sufficient available funds.

# # #