**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-07762-JJG-11 |
| FAYETTE MEMORIAL HOSPITAL ) | |
| ASSOCIATION, INC. d/b/a FAYETTE ) | |
| REGIONAL HEALTH SYSTEMS, ) | |
|         Debtor. ) | |
| ) | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

Fayette Memorial Hospital Association, Inc. d/b/a Fayette Regional Health Systems ("**Fayette Regional**" or the "**Debtor**"), the Debtor and Debtor-In-Possession in the above-captioned case, by counsel, and in accordance with the Local Rules for the United States Bankruptcy Court for the Southern District of Indiana, Rule B-2014-1(b)(4) and (5), hereby files its Motion for Entry of Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "**Motion**"), and in support of the Motion states the following:

### JURISDICTION AND VENUE

1. On October 10, 2018, (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor continues to operate its businesses and manage its property as debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. On or about October 22, 2018, the Debtor filed its application to hire Fultz Maddox

Dickens PLC as counsel for the Debtor (DN 49). No official committees have yet been formed in this Bankruptcy Case. It is anticipated that the Debtor may also file one or more applications to employ other professionals in this bankruptcy case.

### RELIEF REQUESTED AND BASIS FOR RELIEF

4. By this Motion, the Debtor requests the entry of an Order pursuant to §§105(a) and 331 of the Bankruptcy Code, authorizing and establishing procedures for the compensation and reimbursement of the Court-approved professionals (the "**Professionals**").

5. The approval of procedures for compensation and reimbursement of the Professionals will streamline the interim compensation process, and enable the Court and other parties to monitor the professional fees incurred by the Debtor during the pendency of the Bankruptcy Case.

6. Interim fee procedures have been endorsed by bankruptcy courts. See *United States Trustee v. Knudsen Corp.*, 84 B.R. 668 (Bankr. 9th Cir. 1988); *In re Kaiser Steel Corp.*, 74 B.R. 885 (Bankr. D. Colo. 1987). Bankruptcy courts have required that interim fee procedures incorporate the protections of the notice and hearing requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. *Knudsen Corp.* 84 B.R. at 672-73; see also *Matter of Dandy Lion Inns of America*, 120 B.R. 1015 (D. Neb. 1990). Furthermore, this Court has authorized interim fee procedures in Local Rules for the United States Bankruptcy Court for the Southern District of Indiana, at S.D. Ind. B-2014(b)(4).

7. The Debtor proposes that the Professionals be permitted to seek interim payment of compensation according to the following procedure (the "**Compensation Procedure**"):

(a) On or about the fifteen (15th) day of each month following the month for which compensation is sought (the "**Monthly Statement Date**"), each Professional will submit a detailed monthly invoice to the attention of the Debtor;

(b) A notice of the submission of such a Monthly Statement (the "**Notice of Draw**") will be filed with the Clerk setting forth the amount of the proposed draw and containing, as an attachment, a copy of the Monthly Statement

2

    (redacted as necessary to preserve the attorney-client privilege) supporting the amount of the draw;

(c) Parties shall have fourteen (14) days after the date of the Notice of Draw to review and object to the Monthly Statement. At the expiration of that period, 80% of the fees and 100% of the expenses identified in each Monthly Statement, except specific fees or expenses for which an objection has been interposed by any party as provided in paragraph 7(d) below, shall be promptly paid by the Debtor;

(d) In the event that any party has an objection to the compensation or reimbursement set forth in the Notice of Draw, such party shall serve upon the professional to whose statement the objection is directed, a written "Notice of Objection to Fee Statement," setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the professional to whose statement the objection is directed shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within fourteen (14) days after the date of the Notice of Objection, the objecting party may file its objection and serve it on the parties identified above and the Court shall consider and dispose of the objection at the next interim fee hearing. Notwithstanding any such objection, the Debtor shall pay promptly the appropriate percentage of fees and disbursements that are not the subject of a notice of objection;

(e) The failure by any party to submit a Notice of Objection to a Notice of Draw or Monthly Statement shall not prejudice such party from filing an objection to an interim or final fee application;

(f) All interim payments are subject to this Court's approval as part of the interim and final fee application process; and

(g) Approximately every three (3) months, each of the Professionals shall file with the Court, and serve on the Debtor, the Office of the United States Trustee, and all intervenors of record, an application for approval of compensation and allowance of expenses, pursuant to 11 U.S.C. § 331.

8. The Compensation Procedure proposed by the Debtor comports with the requirements set forth in S.D. Bankr. R. 2014-1(b)(4) and (5). Furthermore, all such payments would be interim in nature and subject to subsequent review and objection upon interim and/or final fee applications by the Professionals.

9. While providing the protections of the fee application process established under the Bankruptcy Code and Bankruptcy Rules, the Compensation Procedure endorsed by the Debtor serves

the dual purpose of preventing the Debtor from accruing substantial administrative expenses during the course of proceedings.

WHEREFORE, based on the foregoing, the Debtor respectfully requests that this Court (1) enter an order establishing procedures for the interim compensation of court-approved professionals during the pendency of this Bankruptcy Case; and (2) grant such other and further relief as is just and proper.

Respectfully submitted this 22nd day of October, 2018.

*/s/ Wendy D. Brewer*
Wendy D. Brewer (#22669-49)
FULTZ MADDOX DICKENS PLC
333 N. Alabama Street, Ste. 350
Indianapolis, IN  46204
Tel:  (317) 215-6220
E-Mail:  wbrewer@fmdlegal.com

-and-

Laura M. Brymer (#30989-10)
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, Ste. 2700
Louisville, KY 40202
Tel: (502) 588-2000
E-mail: lbrymer@fmdlegal.com

*Proposed attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion* was filed electronically this 22nd day of October, 2018. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

*/s/ Wendy D. Brewer*
Wendy D. Brewer (#22669-49)