**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-07762-JJG-11 |
| FAYETTE MEMORIAL HOSPITAL ) | |
| ASSOCIATION, INC. d/b/a FAYETTE ) | |
| REGIONAL HEALTH SYSTEMS, ) | |
|         Debtor. ) | |
| ) | |

**DECLARATION OF SAMANTHA BELL-JENT IN SUPPORT OF**
**MOTION FOR AUTHORITY TO ENTER INTO DEBTOR IN POSSESSION**
**FINANCING AGREEMENT WITH COMERICA BANK**

1. I am the Chief Financial Officer for Fayette Memorial Hospital Association, Inc., d/b/a Fayette Regional Health Systems ("Fayette Regional" or the "Debtor").

2. I am over the age of 18 and have personal knowledge of the matters set forth in this Declaration, including the matters about which I am informed based on my review of the files and documents under my control as an officer of the Debtor, which records were created in the ordinary course of business, on a substantially contemporaneous basis, by persons whose role it was to create such business records.

3. The Debtor is an Indiana not-for-profit corporation that does business as Fayette Regional Health Systems.

4. The Debtor's employees are paid on a bi-weekly basis in arrears, typically on Fridays, except for holidays. The next payroll date for the Debtor is Friday, January 25, 2019, for the payroll period of January 6, 2019 through January 19, 2019.

5. The Debtor utilizes the services of ADP to provide payroll processing services. Funds necessary to process payroll are transferred from Debtor's bank account to ADP two (2) business days prior to the scheduled pay date.

6. On a post-petition basis, the Debtor's bi-weekly payroll expenses average approximately $800,000.

7. The Debtor has decided to pursue a sale of its assets and business and has determined that use of Cash Collateral alone is not sufficient to permit the Debtor to continue to pay the

reasonable and necessary costs of operation, and to avoid immediate and irreparable harm pending consummation of a sale.

8. The Debtor hired H2C Analytics, LLC ("H2C") to act as the Debtor's financial advisor and investment banker.

9. The Debtor and H2C have been unable to obtain unsecured post-petition financing for the Debtor's operations.

10. If the Debtor is not permitted to obtain postpetition financing on an immediate basis, the Debtor will be unable to pay necessary expenses for labor, material, and services related to the operation of its business, and the Debtor's estate will suffer immediate and irreparable harm.

11. The proposed Budget attached to the Motion as Exhibit A reflects the Debtor and H2C's best estimate and analysis of the Debtor's cash collateral and post-petition financing needs to continue operations through the consummation of a sale of the Debtors assets and business.

12. I prepared the Budget, together with my staff and representatives of H2C.

13. The expenses reflected in the budget represent actual and necessary expenses of operation of the Debtor's business in this Chapter 11 Bankruptcy Case.

I affirm under penalties of perjury, that the above and foregoing representations are true to the best of my knowledge and belief.

Date: 1/21/2019

*Samantha Bell-Jent*
Samantha Bell-Jent, Chief Financial Officer

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Declaration* was filed electronically this 22nd day of January, 2019. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ *Wendy D. Brewer*
Wendy D. Brewer (#22669-49)