**SO ORDERED: March 22, 2019.**



**Jeffrey J. Graham**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 18-07762-JJG-11 |
| FAYETTE MEMORIAL HOSPITAL | ) | |
| ASSOCIATION, INC. d/b/a FAYETTE | ) | |
| REGIONAL HEALTH SYSTEMS, | ) | |
|     Debtor. | ) | |
| | ) | |

## ORDER AUTHORIZING AND APPROVING BID PROCEDURES
## AND APPROVING NOTICE OF SALE HEARING

This matter came before the Court upon the *Motion for Orders: (A) Scheduling a Bid Procedures Hearing; (B) Authorizing and Approving Bid Procedures and Approving Notice of Sale Hearing; and (C) Authorizing the Sale of Substantially all of the Debtor's Assets Fee and Clear of Claims, Liens, Rights, Interests and Encumbrances* [DN 268] (the "**Sale Motion**") filed by Fayette Memorial Hospital Association, Inc., d/b/a Fayette Regional Health Systems ("**Fayette**" or the "**Debtor**"). By the Sale Motion, the Debtor seeks the entry of three (3) orders, including an order authorizing and approving the Bid Procedures, scheduling

a hearing on the proposed Sale[1] (the "**Sale Hearing**") and approving the form of a Notice of Sale Hearing (the "**Sale Hearing Notice**").

The Court, having considered the relief requested in the Sale Motion, having conducted a hearing on March 20, 2019, (the "**Bid Procedures Hearing**"), and having been otherwise fully advised in the premises, now finds that the relief requested in the Motion should be GRANTED as more specifically set forth herein.

The Court **HEREBY FINDS** as follows:

A.    This Court has jurisdiction over the matters raised in the Sale Motion pursuant to 28 U.S.C. § 1334.  Venue of this case, and the Sale Motion in this District, is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(N).

B.    Due and proper notice of the Sale Motion has been afforded in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Bankruptcy Court, and the orders of the Bankruptcy Court.

**IT IS HEREBY ORDERED** that:

1.    The Bid Procedures attached hereto as Exhibit 1, are approved.

2.    The Debtor shall file with the Court a Notice of Submission of proposed form of Successful Bidder APA not later than March 29, 2019.

3.    A hearing on the Debtor's request for entry of an order authorizing the sale of substantially all of the Debtor's assets free and clear of claims, liens, rights, interests, and encumbrances to Successful Bidder(s), approving the form(s) of Successful Bidder APA(s) and authorizing and directing the Debtor to enter into the Successful Bidder APA(s) is scheduled for May 13, 2019, at 9:30 AM EDT.

4.    The Sale Hearing Notice attached hereto as Exhibit 2 is approved.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

5.      In accordance with Rule 2002, the Debtor shall serve the Sale Hearing Notice upon: (a) the Office of the United States Trustee; (b) all creditors; (c) all counterparties to executory contracts and leases; (d) all intervenors of record; (e) any entity that has expressed a *bona fide* interest in acquiring all or some portion of the Sale Assets; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) the United States Department of Justice.

6.      Nothing contained in this Order shall prevent or preclude Comerica Bank, The Bank of New York Mellon Trust Company as the successor trustee to Fifth Third Bank of Central Indiana, Terrex Construction, Inc., Nelson Stark Company, or Esco Communications, Inc. (the "**Lien Claimants**") from exercising any rights they may have under 11 U.S.C. § 363(k) to credit bid up to the full amount of their respective allowed claims against the purchase price for their respective collateral, in accordance with this Order.

7.      All rights of the Lien Parties and the Official Committee of Unsecured Creditors to object to the proposed Sale(s), including under section 363(f) of the Bankruptcy Code, are preserved.

8.      The proposed Sale(s) of the Debtor's going concern operations contemplates the potential transfer of personally identifiable information.  To the extent any Sale(s) contemplated by this Motion would involve the sale or transfer of PHI, such sale or transfer may only occur in compliance with HIPAA, within the definition of "health care operations" in 45 CFR § 164.501, and such transfer of PHI may only be to an entity that is a covered entity under HIPAA or will become a covered entity under HIPAA prior to such transfer.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

###

# EXHIBIT 1

IN RE: FAYETTE MEMORIAL HOSPITAL ASSOCIATION, INC.
CASE NO. 18-07762-JJG-11

# BID PROCEDURES

1.    **Assets to be Sold.**  The Debtor shall have the right, consistent with the procedures set forth herein to sell (the "**Sale(s)**") substantially all of the Debtor's assets in bulk or in separate lots, in single or multiple transactions (the "**Sale Assets**").  The Sale Assets shall be identified in the applicable Successful Bidder APA (as defined herein).  Notwithstanding the foregoing, the Sale Assets shall not include the Debtor's cash, cash equivalents (including investments), restricted use assets, causes of action under Chapter 5 of the Bankruptcy Code, any claims or causes of action (other than claims or causes of action arising under any assumed executory contract), any insurance policies and the rights and proceeds thereunder, including any unearned premiums, and any other assets that the Debtor, in consultation with Comerica, the Bond Trustee, and the Committee (as each is defined herein) may determine to exclude from the Sale(s) (the "**Excluded Assets**").

2.    **Summary of Important Dates:**

| | |
|---|---|
| Tuesday, April 30, 2019, 5:00PM EDT | Deadline to submit bids. |
| Wednesday May 1, 2019, 5:00PM EDT | Deadline to identify qualified bidders. |
| Thursday, May 2, 2019, 10:00AM EDT | Auction to be conducted at:<br>Barnes & Thornburg, LLP<br>11 S. Meridian Street<br>Indianapolis, IN 46204 |
| Monday, May 6, 2019, 12:00PM EDT | Deadline for Debtor to file Notice of Successful Bidder(s) and Next-Highest Bidder |
| Thursday, May 9, 2019, 12:00PM EDT | Deadline to object to Sale |
| Monday, May 13, 2019, 9:30AM EDT | Sale Hearing:<br>Honorable Jeffrey J. Graham<br>United States Bankruptcy Court<br>Birch Bayh Federal Building and Courthouse<br>46 E. Ohio Street, Room 311<br>Indianapolis, IN 46204 |

3.    **Bid Requirements:**  All bids (each hereinafter a "**Bid**") submitted by a person or entity seeking to acquire any of the Sale Assets (a "**Potential Bidder**"), must satisfy the following requirements (collectively, the "**Bid Requirements**"):

A.  Include a notice party name and electronic mail address where the Potential Bidder may be contacted;

B.  Include identification of (i) the amount of the Bid; (ii) the Sale Assets the Potential Bidder seeks to bid on; (iii) an allocation of the Bid across the component Sale Assets (the "**Allocation**")[1]; and (iv) the liabilities and obligations (including executory contracts and leases and applicable cure costs) to be assumed;

---

[1] The Allocation identified by a Potential Bidder shall not be binding on the Debtor or the Debtor's estate, and the Debtor and the Consultation Parties expressly reserve the right to determine a different allocation for bankruptcy distribution purposes.

C. State an acknowledgment that the Potential Bidder's offer is binding and irrevocable until the earlier of:  (i) the Closing Date (as defined herein), or (ii) ten (10) days after the Sale Hearing unless the Potential Bidder is selected as the Next-Highest Bidder (as defined herein), in which case such offer will remain binding until the Sale(s) is/are consummated or sixty (60) days after the date on which it is determined that the Successful Bidder(s) will not be consummating the Sale(s);

D. Provide evidence of committed financing or available capital sufficient to consummate the transaction and stating that such Bid is not subject to any due diligence or financing contingency.  Pursuant to 11 U.S.C. § 363(k,) Comerica Bank, The Bank of New York Mellon Trust Company as the successor trustee to Fifth Third Bank of Central Indiana, Terrex Construction, Inc., Nelson Stark Company, or Esco Communications, Inc. (the "**Lien Claimants**") have retained the right to credit bid up to the full amount of their respective allowed claims as part of a Bid to acquire the portion of the Sale Assets forming their respective collateral.  The Lien Claimants may ONLY assert a credit bid with regard to Sale Assets that are part of their respective collateral.

E. State an acknowledgment that the Potential Bidder agrees to serve as a backup bidder (the "**Next-Highest Bidder**") if the Potential Bidder's Qualified Bid (as defined herein) is the next highest and best Bid after the Successful Bid (as defined herein) with respect to the relevant Sale Assets (the "**Next Highest Bid**");

F. If applicable, describe the Potential Bidder's ability to obtain any regulatory approvals necessary to consummate the Sale sufficient to allow the Debtor, in consultation with the Official Committee of Unsecured Creditors (the "**Committee**"), Comerica Bank ("**Comerica**"), The Bank of New York Mellon Trust Company as the successor trustee to Fifth Third Bank of Central Indiana (the "**Bond Trustee**" and together with the Committee and Comerica, the "**Consultation Parties**"), to make a reasonable determination as to such Potential Bidder's ability to consummate a Sale as contemplated herein;

G. Consent to the core jurisdiction of the Bankruptcy Court and waiver of any right to jury trial in connection with any disputes relating to the Auction, the Sale, and the construction and enforcement of any purchase agreement and all other agreements entered into in connection with any proposed Sale transaction;

H. Waiver of any right to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code or the payment of any fees or costs, including, but not limited to, any break-up, termination or similar fee;

I. If applicable, provide that the Potential Bidder, if successful, will assume the Debtor's Medicare and Medicaid provider agreements or will obtain its own within a timeframe acceptable to the Debtor in consultation with the Consultation Parties;  and

J. Include adequate assurance of future performance information (the "**Adequate Assurance Information**"), including (i) information about the Potential Bidder's financial statements for the most recent two year period, (ii) information demonstrating (in the Debtor's reasonable business judgment) that the Potential Bidder has the financial capacity to consummate the proposed Sale, (iii) evidence that the Potential Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid, (iv) the identity and exact legal name of the Potential Bidder (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale), including the legal name of the entity that the Potential

Bidder intends to be the assignee of any executory contracts or leases that are included in the Bid, (v) a summary of the Potential Bidder's operational experience for hospitals if the Potential Bidder intends to operate the hospital as such a facility, (vi) such additional information regarding the Potential Bidder as the Potential Bidder may elect to include. By submitting a Bid, Potential Bidders agree that the Debtor may disseminate the Adequate Assurance Information to affected contract counterparties and the Consultation Parties, among others, in the event that the Debtor determines such bid to be a Qualified Bid.

4. **Qualified Bidders**.  Only Qualified Bidders may participate in the Auction.

A.  To become a Qualified Bidder, a Potential Bidder must:

    i.    Execute and deliver to the Debtor a confidentiality agreement prepared by the Debtor;

    ii.    Deposit with counsel for the Debtor an amount equal to ten percent (10%) of the Bid amount, but in no event less than $5,000.00 (the "**Bidder's Deposit**"), which deposit shall be refundable only as described below;

    iii.    Submit to the Debtor an unqualified and binding bid that meets the Bid Requirements and substantially conforms to the form of Successful Bidder APA(s) with any proposed revisions identified by blackline; and

    iv.    To the extent any Sale(s) contemplated herein would involve the sale or transfer of PHI, such sale or transfer may only occur in compliance with HIPAA, within the definition of "health care operations" in 45 CFR § 164.501, and such transfer of PHI may only be to an entity that is a covered entity under HIPAA or will become a covered entity under HIPAA prior to such transfer.

B.  The Debtor shall provide copies of all Bids received to counsel to the Consultation Parties as such Bids are received, and shall determine, in consultation with the Consultation Parties, which Bids, if any, constitute Qualified Bids. The Debtor, in its business judgment, and in consultation with the Consultation Parties, reserves the right to reject any Bid if such Bid, among other things:

    i.    lacks adequate consideration for the Sale Assets being purchased;

    ii.    requires any indemnification of the Potential Bidder;

    iii.    is not received by the Bid Deadline (as defined below);

    iv.    is subject to any contingencies (including representations, warranties, covenants and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the relevant Sale Assets; or

    v.    does not, in the Debtor's determination (after consultation with the Consultation Parties), include a fair and adequate price, the acceptance of which would be against the interests of the Debtor's estate.

C.  Any Bid rejected pursuant to the preceding paragraph shall not be deemed to be a Qualified Bid.

5.      **Bid Deadline**.  Bids must be delivered **by 5:00PM EDT on April 30, 2019,** by electronic mail to each of the following: (a) counsel for the Debtor Wendy D. Brewer (wbrewer@fmdlegal.com) and Laura M. Brymer (lbrymer@fmdlegal.com); and (b) Debtor's advisor, H2C Analytics, LLC ("**H2C**"), Michael Lane (mlane@h2c.com) and Phil Kaplan (pkaplan@h2c.com).

6.      **Notice of Qualified Bidders**.  The Debtor and H2C shall determine, after consultation with the Consultation Parties, which Qualified Bid is the highest or otherwise best Qualified Bid for the relevant Sale Assets (the "**Starting Bid(s)**").  On or before **May 1, 2019 at 5:00PM EDT**, the Debtor shall file a notice identifying all Qualified Bidders, identifying the Starting Bid, and identifying the required Incremental Overbid(s) (the "**Qualified Bidder Notice**") with a copy provided to all Potential Bidders.

7.      **Auction**.  If one or more timely Qualified Bids are received, an open auction (the "**Auction**") for the Sale Assets will be conducted on **May 2, 2019 at 10:00AM EDT**, at Barnes & Thornburg, LLP, 11 S. Meridian Street, Indianapolis, IN 46204.

A.  Participants and Attendees.  Only Qualified Bidders may participate in the Auction, however, the following parties shall be entitled to attend but not participate in the Auction (unless they are also a Qualified Bidder): (i) the Consultation Parties and their respective professionals (including professionals for any member of such Consultation Party), and (ii) any creditor providing written notice to Debtor's counsel of their intention to attend and observe the Auction on or before the Bid Deadline.

B.  Good Faith and No Collusion.  Each Qualified Bidder participating in the Auction will be required to confirm, in writing, and on the record at the Auction, that (i) it has not engaged in any collusion with respect to the bidding process, and (ii) its Qualified Bid is a good faith, bona fide offer that it intends to consummate if selected as the Successful Bidder (as defined below).

C.  Must be Present.  All Qualified Bidders must be physically present at the Auction. Authorized representatives of such Qualified Bidders, with prior written consent of the Consultation Parties, may be physically present or present via teleconference at the Auction.

D.  Bidding Process.  Bidding at the Auction for the Sale Assets (or relevant subset thereof) will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one subsequent Bid is submitted by a Qualified Bidder that the Debtor (in consultation with the Consultation Parties) determines is:  (i) for the first round, a higher or otherwise better offer than the Starting Bid, and (ii) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (each such bid, a "**Subsequent Bid**").  Each Subsequent Bid at the Auction shall provide net value to the estate in a minimum amount determined by the Debtor in consultation with the Consultation Parties (the "**Incremental Overbid**") over the Starting Bid or the Leading Bid (as defined below), as the case may be. After the first round of bidding and between each subsequent round of bidding, the Debtor shall announce the bid that they believe to be the highest or otherwise best offer for the subject Sale Assets (the "**Leading Bid**").  A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Starting Bid or Leading Bid, as applicable.

E.  Assets Subject to Bid.  Subject to the satisfaction of the Incremental Overbid requirement, a Qualified Bidder for a subset of the Sale Assets may opt to include additional Sale Assets as part of any Subsequent Bid.

4

F.  <u>Auction Procedure Modifications.</u>  The Debtor may, in consultation with the Consultation Parties, announce at the Auction additional procedural rules (e.g., the maximum amount of time to make Subsequent Bids, a change to the amount of the Incremental Overbid, a requirement that parties submit "best and final" Bids, or other rules to facilitate the Auction) for conducting the Auction or otherwise modify these Bid Procedures; provided that such rules (1) are not materially inconsistent with the Bankruptcy Code or any Order of the Bankruptcy Court, and (2) are disclosed to each Qualified Bidder during the Auction. If any Qualified Bidder asserts that it was unfairly prejudiced by an additional procedure rule announced at the Auction, then such Qualified Bidder must raise such concern during the Auction.  Furthermore, the Debtor, any of the Consultation Parties, reserve the right to attempt to contact the Court on or before the date of the Auction to request an emergency telephonic hearing to resolve a dispute arising at the Auction related to any additional procedural rule announced at the Auction. The bidding at the Auction shall be transcribed or videotaped, and the Debtor shall maintain a transcript or other recording of all Bids made and announced at the Auction.

G.  <u>Reservation of Rights.</u>  Notwithstanding anything to the contrary herein, the Debtor, in consultation with its professionals and in consultation with the Consultation Parties, may conduct the Auction in any manner that may result in one or more of the highest or best offers for any or all of the Sale Assets that will maximize the value of any of the Sale Assets.  Further, the Debtor, in consultation with the Consultation Parties, reserves the right to decline any or all of the Bids received at auction as insufficient to proceed with a sale of the Sale Assets or otherwise unacceptable.

8.  **Selection of the Successful Bid(s)**.  The Debtor, in consultation with the Consultation Parties will: (a) determine, consistent with these bid procedures, which bid(s) constitutes the highest or otherwise best bid(s) (the "**Successful Bid(s)**") for the relevant Sale Assets.

Immediately prior to conclusion of the Auction, the Debtor shall notify all Qualified Bidders at the Auction, of the name(s) of the party(ies) submitting the Successful Bid(s) (the "**Successful Bidder(s)**"), the relevant Sale Assets for which the Successful Bid(s) were received, and the amount and other material terms of the Successful Bid(s).  The Debtor may, in its discretion after consultation with the Consultation Parties, also designate the Next-Highest Bidder(s) (and the corresponding Next-Highest Bid(s)) to close with respect to the subject Sale Assets in the event that the Successful Bidder(s) does not close the Sale(s).

The Debtor shall announce the Auction to be concluded.  Unless the Bankruptcy Court orders otherwise, upon application by the Debtor or the Consultation Parties, the Debtor shall not consider any Bids or Subsequent Bids submitted after the conclusion of the Auction and any and all such Bids and Subsequent Bids shall be deemed untimely and shall not constitutes Qualified Bids.

Following announcement of the Successful Bidder(s) and Next Highest Bidder(s) and prior to the Sale Hearing date, each Successful Bidder shall increase its Bidder's Deposit to an amount equal to 10% of the applicable Successful Bid.

The Debtor may seek approval of any Successful Bid(s) and any Next-Highest Bid(s) at the Sale Hearing (defined below).  If for any reason the Qualified Bidder(s) submitting the Successful Bid(s) fails to timely consummate the purchase of the Sale Assets, the Debtor may seek to consummate the Sale(s) based on the Next-Highest Bid(s) without further approval by the Court. The Next-Highest Bid(s) and the obligation of the party(ies) submitting such bid(s) to consummate the purchase of the Sale Assets shall remain open and in full force, including with respect to the Bidder's Deposit, until the earlier of: (a) the date on which the Sale(s) is/are consummated, or (b) sixty (60) days after the date on which it is determined

that the Successful Bidder(s) will not be consummating the Sale(s).

The Debtor's presentation to the Bankruptcy Court for approval of the selected Bid(s) as a Successful Bid(s) does not constitute the Debtor's acceptance of such Bid(s). The Debtor will have accepted the Successful Bid(s) only when such Successful Bid(s) has/have been approved by the Bankruptcy Court at the Sale Hearing. The Debtor intends to close the Sale(s) within sixty (60) days after the Sale(s) is approved by the Bankruptcy Court, unless another time or date, or both, are agreed to in writing by the Debtor and the Successful Bidder (the "**Closing Date**"), or upon direction from the Bankruptcy Court.

9.      **Notice of Successful Bid and Next-Highest Bid**. On or before May 6, 2019 at 12:00PM, the Debtor shall file a notice with the Court identifying the Successful Bidder(s) and the Next Highest Bidder(s). If the Auction continues past May 2, 2019, the notice shall be filed twenty-four (24) hours after conclusion of the Auction.

10.     **Sale Hearing**. A hearing to approve the Sale(s) based on the Successful Bid(s), or the Next Highest Bid(s) as applicable (the "Sale Hearing") shall take place on **May 13, 2019 at 9:30AM EDT** before the Honorable Jeffrey J. Graham, United States Bankruptcy Court, Birch Bayh Federal Building & Courthouse, 46 E. Ohio Street, Room 311, Indianapolis, Indiana 46204. The Sale Hearing may be adjourned by the Debtor in consultation with the Consultation Parties from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice on the docket of the Debtor's Chapter 11 case.

11.     **Objections to Sale**. All objections to the proposed Sale(s) must be filed on or before May 9, 2019 at 12:00PM EDT. All rights of Consultation Parties to object to the proposed Sale(s), including under section 363(f) of the Bankruptcy Code, are preserved.

12.     **Return of Deposits**. Within three (3) business days after the conclusion of the Auction described above, the Debtor shall return by check or wire the full amount of the Bidder's Deposit submitted by each party that is not selected as submitting the Successful Bid(s) or the Next-Highest Bid(s). If the Sale(s) of the Sale Assets is consummated with the party submitting the Successful Bid(s), the Bidder's Deposit(s) of the party(ies) that were declared to have submitted the Next-Highest Bid(s) shall be returned by check or wire transfer within three (3) business days after the closing of the Sale(s) to the party(ies) submitting the Successful Bid(s). IF THE PARTY(IES) SUBMITTING THE SUCCESSFUL BID(S) OR THE NEXT HIGHEST BID(S), AS APPLICABLE, FAIL(S) TO CONSUMMATE THE SALE(S) OF SALE ASSETS, THE DEPOSIT OF THE PARTY(IES) SUBMITTING THE SUCCESSFUL BID(S), OR THE NEXT HIGHEST BID(S) (AS APPLICABLE) WILL NOT BE RETURNED AND WILL BE RETAINED BY THE DEBTOR AS LIQUIDATED DAMAGES.

13.     **Reservation of Rights**. Notwithstanding any of the foregoing, the Debtor, in consultation with the Consultation Parties reserves the right to modify these bid procedures at or prior to the Auction, including, without limitation, to extend the deadlines set forth herein, modify bidding increments, waive terms and conditions set forth herein with respect to any or all potential bidders (including, without limitation, the Qualified Bid requirements), impose additional terms and conditions with respect to any or all potential bidders, adjourn or cancel or change the location of the Auction at or prior to the Auction, and adjourn the Sale Hearing.

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | )    Case No. 18-07762-JJG-11 |
| FAYETTE MEMORIAL HOSPITAL | ) |
| ASSOCIATION, INC. d/b/a FAYETTE | ) |
| REGIONAL HEALTH SYSTEMS, | ) |
|     Debtor. | ) |
| | ) |

---

**NOTICE AND OPPORTUNITY TO OBJECT**
*(DN 268 - Motion of Debtor for Order Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Claims, Liens, Rights, Interests, and Encumbrances)*

---

PLEASE TAKE NOTICE, that on March 1, 2019, Fayette Memorial Hospital Association, Inc. d/b/a Fayette Regional Health Systems ("**Fayette Regional**" or the "**Debtor**"), the Debtor and Debtor-In-Possession, filed its *Motion for Orders: (A) Scheduling a Bid Procedures Hearing; (B) Authorizing and Approving Bid Procedures and Approving Notice of Sale Hearing; and (C) Authorizing the Sale of Substantially all of the Debtor's Assets Fee and Clear of Claims, Liens, Rights, Interests and Encumbrances* [DN 268] (the "**Sale Motion**").

The Sale Motion seeks entry of an order authorizing the sale of substantially all of the Debtor's assets free and clear of claims, liens, rights, interests, and encumbrances, to the party or parties submitting the highest or otherwise best offer(s) pursuant to the Bid Procedures (the "**Successful Bidder(s)**") and approving the asset purchase agreement (or agreements, as applicable) (the "**Successful Bidder APA**") entered into with the Successful Bidder(s) (the "**Sale Order**"), the proposed form of which Sale Order is attached to the Sale Motion as Exhibit C.

**S.D. IND. BANKR. L.R. 6004-4 DISCLOSURES**

1.    The property to be sold (the "**Sale Assets**") shall be substantially all of the Debtor's assets in bulk or in separate lots, in single or multiple transactions. The Sale Assets shall be identified in the applicable Successful Bidder APA (as defined herein). Notwithstanding the foregoing, the Sale Assets shall not include the Debtor's cash, cash equivalents (including investments), restricted use assets, causes of action under Chapter 5 of the Bankruptcy Code, any claims or causes of action (other than claims or causes of action arising under any assumed executory contract), any insurance policies and the rights and proceeds thereunder, including any unearned premiums, and any other assets that the Debtor, in consultation with Comerica, the Bond Trustee, and the Committee (as each is defined herein) may determine to exclude from the Sale(s) (the "**Excluded Assets**").

2.    The auction shall be conducted by the Debtor.

3.    The auction shall take place on May 2, 2019, at 10:00AM EDT, at Barnes & Thornburg, LLP, 11 S. Meridian Street, Indianapolis, IN 46204.

4.      The Bid Procedures for the Sale(s) can be obtained on the website of the Debtor's Claims Agent:   https://www.bmcgroup.com/fmha or by request to Debtor's counsel or H2C Analytics, LLC ("H2C").

5.      The proposed Sale(s) of the Debtor's going concern operations contemplates the potential transfer of personally identifiable information.  The Debtor does not have a consumer privacy policy that prohibits the transfer of personally identifiable information generally, however, the Debtor does have a privacy policy with regard to Protected Health Information ("PHI") about its patients, as such term is defined in the Health Insurance Portability and Accountability Act ("HIPAA").  To the extent any Sale(s) contemplated by this Motion would involve the sale or transfer of PHI, such sale or transfer will only occur in compliance with HIPAA, within the definition of "health care operations" in 45 CFR § 164.501, and such transfer of PHI may only be to an entity that is a covered entity under HIPAA or will become a covered entity under HIPAA prior to such transfer.

If you have not received a copy of the Sale Motion, you may obtain a copy by contacting the Debtor's attorneys, on PACER, at https://www.bmcgroup.com/fmha or from the Clerk of this Court.

YOU ARE HEREBY NOTIFIED that any objections to the relief requested in the Sale Motion must be filed on or before **May 9, 2019 at 12:00PM EDT**, electronically at www.insb.uscourts.gov, or delivered, in writing, to the Clerk of the Bankruptcy Court, 46 E. Ohio Street, Room 116, Indianapolis, IN 46204 with a copy to Debtor's counsel:  Wendy D. Brewer, Fultz Maddox Dickens PLC, 333 N. Alabama Street, Ste. 350, Indianapolis, IN 46204, wbrewer@fmdlegal.com or Laura M. Brymer, Fultz Maddox Dickens PLC, 101 S. Fifth Street, Ste. 2700, Louisville, KY 40202, lbrymer@fmdlegal.com.

A hearing on the Sale Motion shall take place on **May 13, 2019, at 9:30AM EDT**, before the Honorable Jeffrey J. Graham, United States Bankruptcy Court, Birch Bayh Federal Building & Courthouse, 46 E. Ohio Street, Room 311, Indianapolis, Indiana 46204.

Your rights may be affected by the Sale Motion and you should read these papers carefully and consult with your attorney.  If you do not have an attorney, you may wish to consult one.

Date:  March 22, 2019                    */s/ Wendy D. Brewer*
                                         Wendy D. Brewer *(information set forth above)*

Certificate of Service to be filed separately.