# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-07762-JJG-11 |
| FAYETTE MEMORIAL HOSPITAL ) | |
| ASSOCIATION, INC. d/b/a FAYETTE ) | |
| REGIONAL HEALTH SYSTEMS, ) | |
|         Debtor. ) | |
| ) | |

## SECOND OMNIBUS MOTION FOR ORDER AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES

Fayette Memorial Hospital Association, Inc., d/b/a Fayette Regional Health Systems ("**Fayette**" or the "**Debtor**") by the undersigned proposed counsel, herby files its Second Omnibus Motion for Order Authorizing Assumption and Assignment of Executory Contracts and Leases, (the "**Motion**") pursuant to Sections 105(a) and 365 of Title 11 of the United States Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure, for entry of an order fixing cure amounts, and authorizing the Debtor to assume and assign certain executory contracts and leases to a Successful Bidder, subject to the Successful Bidder's election to take assignment and pay the applicable Cure Obligation(s).

> **PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACT(S) ON THE ATTACHED <u>EXHIBIT A</u>.**
>
> By this Motion, the Debtor seeks entry of an order fixing cure amounts and authorizing the Debtor to assume and assign certain Contracts and Leases to a Successful Bidder identified through the sale process initiated by the filing of the Debtor's Sale Motion [DN 268] subject to the Successful Bidder's election to take assignment of the Contract or Lease and the Successful Bidder's agreement to pay the applicable Cure Obligation.

In support of this Amended Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. On October 10, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**BACKGROUND FACTS RELEVANT TO THIS MOTION**

3. The Debtor is an Indiana not-for-profit corporation that does business as Fayette Regional Health Systems. [¶ 3, *Declaration of Samantha Bell-Jent in Support of First Day Motions* – DN17 (the "**1st Day Declaration**").

4. The Debtor operates a 112-bed acute care hospital, and provides both inpatient, outpatient, emergency, and other ancillary services from its locations in Connersville, Fayette County, Indiana. The hospital and the primary business operations of the Debtor are located at 1941 Virginia Avenue, Connersville, Indiana 47331. [¶ 4, 1st Day Declaration]

5. The Debtor provides both inpatient and outpatient services ranging from the typical hospital services to more specialized services. Services include: Physical Therapy & Rehabilitation, Ambulatory Care, Express Care, Hospice, Hospitalist services, Laboratory, Pharmacy, Pediatrics, Sleep Lab, Pain Management, Primary Care, Surgical Care, Pulmonology, ENT, Child/Adolescent Behavioral Health, Medical Detoxification, Dermatology, Cancer Care, Facial & Cosmetic procedures, Diagnostic Imaging, Emergency Care, Fitness & Wellness, Heart Care, and Women's Health. [¶ 10, 1st Day Declaration]

6. Prior to and after the Petition Date, the Debtor was party various contracts and agreements which may be deemed executory contracts and leases within the meaning of 11 U.S.C. §

2

365 (the "**Contracts and Leases**").  The Contracts and Leases are identified on the attached <u>Exhibit A</u>.

7. On or about March 1, 2019, the Debtor filed its *Motion for Orders: (A) Scheduling a Bid Procedures Hearing; (B) Authorizing and Approving Bid Procedures and Approving Notice of Sale Hearing; and (C) Authorizing the Sale of Substantially all of the Debtor's Assets Fee and Clear of Claims, Liens, Rights, Interests and Encumbrances* [DN 268] (the "**Sale Motion**") by which the debtor seeks to facilitate a sale of substantially all of the Debtor's assets (the "**Sale**") to one or more Successful Bidder(s) (as defined in the Sale Motion).

8. The Debtor previously filed its Omnibus Motion for Order Authorizing Assumption and Assignment of Executory Contracts and Leases (DN 302), subsequently amended (DN 323) (collectively, the "First Omnibus Motion"), requesting similar relief to this Motion for the contracts and leases identified therein.

9. The Debtor has identified additional executory contracts and leases since the filing of the First Omnibus Motion and now files this Motion as a companion to the Sale Motion and seeks to fix cure amounts for each of the Contracts and Leases (the "**Cure Obligations**"), and authorize the Debtor to assume and assign certain of the Contracts and Leases to a Successful Bidder as part of the Sale, subject to election by the Successful Bidder to assume a particular agreement, and the Successful Bidder's obligation to pay the Cure Obligations applicable to any assumed Contract or Lease.

## RELIEF REQUESTED BY THIS MOTION

10. By this Motion, the Debtor seeks entry of an Order: (1) fixing the Cure Obligations for each of the Contracts and Leases in the amounts set forth on the attached <u>Exhibit A</u>; and (2) authorizing the Debtor to assume and assign certain of the Contracts and Leases to a Successful Bidder as part of the Sale, subject to: (a) election by the Successful Bidder to assume a particular Contract or Lease; and (b) the Successful Bidder(s)' obligation to pay the Cure Obligations applicable such assumed Contract or Lease.

3

**BASIS FOR RELIEF REQUESTED**

11. Section 365(a) of the Bankruptcy Code provides that a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. The assumption or rejection of an unexpired lease or executory contract by a debtor is subject to review under the business judgment standard. In applying the "business judgment" standard, courts show great deference to a debtor's decision to reject. See *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (finding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

12. Section 365 requires that if there has been a default under the executory contract or unexpired lease, in order to assume that agreement, the debtor must provide adequate assurance that the default will be cured and provide adequate assurance of future performance under the terms of the agreement. 11 U.S.C. § 365(b)(1).

13. By this motion, the Debtor seeks to fix the Cure Obligations on each of the Contracts and Leases to determine the amount necessary to cure any defaults.

14. Additionally, the words "adequate assurance of future performance" must be given a "practical and pragmatic construction" in light of the existing facts and circumstances. *See, In re Fleming Cos., Inc.*, 499 F. 3d 300, 307 (3d Cir. 2007). "Although no single solution will satisfy in every case, the required assurance will fall considerably short of an absolute guaranty of performance." *In re: Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985).

15. Adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See, In re: Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986). In the instant case, the Successful Bidder(s) will have demonstrated such financial health and experience in order to be designated as a Qualified Bidder (as defined in the

4

Sale Motion). Section 3(J) of the proposed Bid Procedures require that a bidder provide adequate assurance of future performance information.

16. The Contracts and Leases are identified on Exhibit A, together with the proposed Cure Obligation for each such agreement.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order: (1) fixing the Cure Obligations for each of the Contracts and Leases as set forth on Exhibit A; and (2) authorizing the Debtor to assume and assign certain of the Contracts and Leases to a Successful Bidder as part of the Sale, subject to: (a) election by the Successful Bidder to assume a particular Contract or Lease; and (b) the Successful Bidder(s)' obligation to pay any Cure Obligations applicable to such assumed Contract or Lease.

Respectfully submitted this 16th day of April, 2019,

/s/ Wendy D. Brewer
Wendy D. Brewer (#22669-49)
FULTZ MADDOX DICKENS PLC
333 N. Alabama Street, Ste. 350
Indianapolis, IN 46204
Telephone: (317) 215-6220
wbrewer@fmdlegal.com

and

Laura M. Brymer
FULTZ MADDOX DICKENS, PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
(502) 588-2000 – Telephone
(502) 588-2020 – Facsimile
lbrymer@fmdlegal.com

*Attorneys for the Debtor*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Motion* was filed electronically this 16th day of April, 2019. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. Notice of this motion is also being served by U.S. Mail to the counter parties to the Contracts and Leases identified on <u>Exhibit A</u>.

                                                      */s/ Wendy D. Brewer*
                                                      Wendy D. Brewer (#22669-49)